CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

August 9, 2011

Alan J. Nuta, Esq.
702 Russell Avenue, Suite 300
Gaithersburg, MD 20877

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Deborah Stocks v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1598**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Stocks' claim for Disability Insurance Benefits ("DIB"). (Paper Nos. 8, 20, 28). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Ms. Stocks ("Claimant") applied for DIB on January 1, 2006, alleging that she was disabled since April 1, 2003 due to obesity, degenerative disc disease in her lumbar spine, hypertension, cardiomyopathy, bronchial asthma, kidney disease, and gastrointestinal problems. (Tr. 75, 92, 105). Her claim was denied initially, and upon reconsideration. (Tr. 54-58). After a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Timothy C. Pace on April 30, 2008, an unfavorable decision was issued on May 9, 2008. (Tr. 12-21).

The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform a range of sedentary work

activity[1]. Based on her RFC, the ALJ found that Ms. Stocks could not perform her past relevant work ("PRW"). (Tr. 19). After receiving testimony from a vocational expert ("VE"), the ALJ concluded that work existed in the national and local economies in significant numbers which Ms. Stocks could perform. Accordingly, the ALJ found she was not disabled.(Tr. 12-21). On April 21, 2009, the Appeals Council denied Claimant's request for review, making her case ready for judicial review.

Ms. Stocks' argues that the ALJ failed properly to analyze the medical evidence from her treating physician in determining her RFC. She also argues that the ALJ failed properly to analyze her credibility and complaints of fatigue. For the reasons that follow, I find the ALJ's decision is not supported by substantial evidence.

Claimant's primary argument is that the ALJ failed properly to consider the opinions of her treating cardiologist, Dr. Edward Riuli[2]. The Commissioner argues that the ALJ acted properly when he rejected Dr. Riuli's opinions. *See* Defendant's Memorandum, pp. 20-25.

A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2). In this case, the ALJ concluded that Dr. Riuli's opinions were entitled to very little weight because Ms. Stocks: 1)did not have confirmed heart disease until May 2003 and; 2)Dr. Riuli "did not treat claimant prior to May 2003 so there is no way he can declare that her limitations have been present since at least 2002" and;3)his opinions were

---

[1] The ALJ found Ms. Stocks' ability to perform sedentary work was subject to the following limitation: she cannot work in an environment with air pollutants/irritants.(Tr. 16).

[2] In April 2007, Dr. Riuli completed a Physical Assessment of Ability to do Work Related Activities, in which he stated, among other things, that Ms. Stocks could: sit for 1 hour; stand and walk for 1 hour; needed a cane to stand and walk. He further opined that Ms. Stocks could not stoop, bend, crawl, climb, balance, crouch, or kneel. Dr. Riuli also stated that Claimant could not use her hands for repetitive actions such as simple grasping, arm controls, and fine manipulations. (Tr. 789-792). It is pertinent that when these limitations regarding gripping and grasping were presented in a hypothetical to the VE at the hearing, the VE conceded that the work he identified as work that claimant could perform required at least occasional, if not frequent, gripping and grasping. (Tr. 924).

inconsistent with the treating notes and Claimant's reports of daily activities.(Tr. 18).

Unfortunately, the ALJ failed to recognize in this case that a treating physician may properly offer a retrospective opinion on the past extent of an impairment. See *Wilkins v. Secretary, Dept. of Health and Human Services*, 953 F.2d 93,96(4th Cir. 1991) *citing Wooldridge v. Bowen,* 816 F.2d 157,160(4th Cir. 1987). Another error in the ALJ's decision is that he also rejected Dr. Riuli's opinions on the basis that they "were inconsistent with Claimant's reported daily activities[3]" and his own "treating records." However after careful review of the record, it is apparent that indeed the Claimant reported as early as 1991, and again in 1996, that she does not cook, but rather her husband does most of the cooking, and that she only drives after she has stopped all medications for a day due to the drowsiness they cause. (Tr. 100). Ms. Stocks' medical records show that she consistently reported headaches, fatigue, drowsiness, and confusion as well as swelling in her feet and hands. (Tr. 89-98, 101, 428-432, 727). This evidence supports Ms. Stocks' allegations and Dr. Riuli's opinions. Accordingly the ALJ's finding that Claimant's testimony regarding her symptoms was less than credible on the basis that "a person's recollections are not as accurate with the passage of time as the documented records written during the period of treatment especially when there is secondary gain involved" is not supported by substantial evidence. (Tr. 17).

Accordingly, this Court is remanding this case for further explanation and analysis of Ms. Stocks' impairments and the opinions of her treating physician Dr. Riuli. A separate Order shall issue.


Dated:_____8/9/11_____          _____/s/_____
                                Paul W. Grimm
                                United States Magistrate Judge

---

[3] The ALJ noted that Claimant reported in 2006 that she is able to cook and drive.

3